B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>James Andrew Ball, IV | **DEFENDANTS**<br>Dale S. Davidson |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Karl E. Osmus, 1010 Williams Street, Valdosta, Georgia 31601; 229-257-0080 | **ATTORNEYS** (If Known)<br>Ronald B. Warren, 809 South Broad St., Thomasville, GA 31792; 229-226-2161 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. section 523(2)(a)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR  Dale S. Davidson | BANKRUPTCY CASE NO.  13-70713-JTL | | |
| DISTRICT IN WHICH CASE IS PENDING  Middle | DIVISION OFFICE  Valdosta | NAME OF JUDGE  Laney | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE  9-19-13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Karl E. Osmus | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Form B 250A (12/09)

# United States Bankruptcy Court

Middle _____ District Of _____ Georgia _____

In re  Dale S. Davidson     ,  )  Case No. __13-70713-JTL__
       Debtor  )
  )  Chapter __7__
  )
James Andrew Ball, IV  )
       Plaintiff  )
  )
  v.  )  Adv. Proc. No. _____
  )
Dale S. Davidson  )
       Defendant  )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

    Address of the clerk:

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

    Name and Address of Plaintiff's Attorney:
    Karl E. Osmus
    1010 Williams Street
    Valdosta, Georgia  31601

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                                    _____ (Clerk of the Bankruptcy Court)

Date: _____      By: _____ (Deputy Clerk)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| In Re: | : |
| | :    Chapter 7 |
| Dale S. Davidson, | : |
| | :    Case No. 13-70713-JTL |
| Debtor. | : |
| | :    Ad. Proc. |
| James Andrew Ball, IV, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| Dale S. Davidson, | : |
| | : |
| Defendant | : |

## COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(2)(a)

COMES NOW, Plaintiff James Andrew Ball, IV and respectfully shows the Court the following:

1.

Defendant Dale S. Davidson filed a Chapter 7 petition on or about June 5th, 2013 seeking to discharge certain debts. Defendant is subject to jurisdiction of this Court. Plaintiff seeks a determination of dischargability.

2.

Venue is proper.

3.

The matter is a core proceeding pursuant to 28 U.S.C. §157.

## COUNT ONE: FRAUD ARISING FROM FALSE PRETENSES AND FALSE REPRESENTATION

1.

On or about September 29th, 2005 Defendant executed a Promissory Note in favor of Plaintiff in the principal sum of Three Hundred Thousand Dollars. ($300,000.00).

2.

The Promissory Note was executed for the purchase of Condominium Unit 309 at The Inn at Seacrest Beach, Walton County, Florida, as recorded in Official Records Book 2961, Page 2914, Walton County, Florida.

3.

At the time the Promissory Note was executed, Defendant represented to Plaintiff that the Fair Market Value of Unit 309 was $300,000.00. Defendant was aware that the actual Fair Market Value of Unit 309 was $180,000.00.

4.

Defendant intentionally and willfully failed to disclose the Fair Market Value of Unit 309 to Plaintiff. Defendant induced Plaintiff to enter into the transaction with materially false representations and under materially false pretenses.

5.

Other than a single prepaid interest payment in 2005, Defendant made no payment on the Promissory Note in the years 2005, 2006, 2007, 2008, 2009, 2010, 2011 or 2012.

6.

Defendant failed to pay Homeowners Association Fees in 2011 and 2012.

7.

Defendant did not pay property taxes on Unit 309 in the years of 2008, 2009 or 2010.

8.

Defendant collected rental income from Unit 309 during the pendency of his ownership from 2005 to 2012 and failed to report or remit the proceeds to Plaintiff.

9.

Unit 309 was later foreclosed and sold to a third party for an amount significantly less than the amount of the original Promissory Note.

10.

Plaintiff has been unable to recover his cost basis in the Unit and, due to the misrepresentations of Defendant, has incurred much greater losses than he would have without Defendant's misrepresentations.

11.

As a result of the foregoing, Plaintiff should take Judgment against Defendant for debt owed as a result of the fraud and misrepresentation.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Determine that the debt owed by Defendant to Plaintiff is non-dischargable in Bankruptcy;

2. That Plaintiff have Judgment against Defendant;

3. Any other and further relief that the Court deems just.

Respectfully submitted this \_\_19^{TH}\_\_ day of September, 2013.

_____
Karl E. Osmus
Attorney for Plaintiff

1010 Williams Street
Valdosta, Georgia 31601
(229) 257-0080
Georgia Bar No. 555129
karlosmus@aol.com

## PROMISSORY NOTE

$300,000.00                                                              August 9, 2005
                                                                        Thomasville, Georgia

For Value Received, the undersigned hereinafter referred to as the "Borrower" promises to pay to **JAMES ANDREW BALL, IV**, hereinafter referred to as the "Lender," or order, in lawful money of the United States of America, at 2140 L. Street, #713, Washington, DC 20037, or such other place as Lender may hereinafter designate in writing, the principal sum of $300,000.00 together with interest on the principal balance hereof from time to time existing at the following per annum rate, to-wit;

6%

All agreements between Borrower and Lender are expressly limited so that no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof, acceleration of maturity of the unpaid principal balance hereof, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or extension of money to be advanced hereunder exceed the highest lawful rate permissible under applicable law. If, from any circumstance whatsoever, fulfillment of any provisions hereof or any security agreement, if any, at the time performance of such provisions shall be due, shall involve transcending the limit of the validly prescribed by applicable law, then *ipso facto*, the obligation to be fulfilled shall be reduced to the limit of such validity, and, if from any circumstance Lender shall receive as interest an amount which would exceed the highest lawful rate allowable under applicable law, such amount which would be excessive interest shall be applied to the reduction of the unpaid principal balance due hereunder and not to the payment of interest or, if such excessive interest exceeds the unpaid balance of principal, the excess shall be refunded to Borrower. This provision shall control every other provision of all agreements between Borrower and Lender.

Principal and interest herein shall be payable in the following manner.

Interest only in the amount of $18,000.00 shall be due and payable annually with the first installment being paid, in advance, on August 9, 2005. The final installment of principal and interest shall be due and payable on August 8, 2008, at which time all principal together with accrued interest thereon plus ten percent (10%) of the profits as set forth below shall be due and payable in full. Payments shall be applied first to interest and then to principal.

The Lender shall participate in the net profits of Borrower equal to ten percent (10%) of the Borrower's recognized gain on the sale of real property for which the Lender has loaned Borrower the principal herein, as determined in the sole and absolute discretion of the certified public accountant then employed to keep the books and records of the Borrower. As used herein the term "recognized gain" shall mean the gain as determined

- 1 -


EXHIBIT 2

under section 1001 of the Internal Revenue Code of 1986, as amended. Lender cannot be assured that Borrower will realize any gain of the sale of the real property.

If, at the time of the Lender's death there are overdue or late payments of principal or interest, such outstanding amounts shall be paid by Borrower to the beneficiaries who have been designated by Lender. Such beneficiary designation shall be in writing, dated, signed by the Lender and delivered to Borrower prior to Lender's death. In the absence of an effective beneficiary designation, such overdue or late payments shall be made to the estate of the Lender.

Borrower shall have the right to prepay this Note in full or in part at anytime, with interest to abate accordingly.

Time is of the essence hereto.

In the event of default continuing for thirty (30) days in the payment of any installment or principal or interest coming due hereunder, Lender shall have the option of accelerating the balance of this indebtedness and the accrued interest thereon, without notice, and demanding full payment of the same. Lender has the right to accept partial payments after default and acceleration without waiving the acceleration and any such partial payments shall be applied first to the costs of enforcement of collection of this Note set forth below, then to interest due pursuant to this Note and finally to principal due under this Note.

In the event it becomes necessary to enforce the collection of this Note, Borrower and all liable hereon, hereby agree to pay (and there shall be included in any judgment or decree related to the same) all costs of such enforcement, including but not limited to, court costs, appellate costs, reasonable attorney's fees, paralegals' fees, legal assistants' fees and costs together with any other similar fees and costs which may be incurred by Lender subsequent to the rendition of a judgment or decree in connection with the collection of any sums due there under including, by way of illustration and not by way of limitation, subpoenas for depositions in aid of execution, court reporters' fees and costs associated with the delivery or execution upon assets or funds sought to be recovered in satisfaction of said judgment or decree. The foregoing shall also include but not be limited to such similar fees and costs incurred by Lender in connection with the acts or actions taken by Lender in any Bankruptcy Court having jurisdiction over the Borrower's obligations to Lender or over property securing such obligations. Interest after default shall be at the rate of eighteen percent (18%). Borrower hereby waives the right to trial by jury in any action to enforce or defend any rights under this Note or under any agreement securing this Note.

Each of us, whether Borrower, surety, guarantor or endorser, hereby severally waives all rights of presentment, demand for payment, protest, notice of protest and notice of dishonor, and consents that this Note or any part hereof may be extended without notice, and further agrees that any release, exchange, surrender, sale or other disposition of any

or all of the security for the payment of this Note shall not release any party liable under this Note.

This Note shall be construed in accordance with the laws of the State of Georgia.

>
> FLORIDA-GEORGIA INVESTMENT
> ADVISORS, LLC, a Florida limited
> liability company
>
> By: _____
> Dale S. Davidson, as its Manager
>
> _____
> Dale S. Davidson, individually
>
> _____
> Katherine B. Davidson, individually
>
> _____
> Derrick C. Ogletree, individually
>
> _____
> Janet O. Ogletree, individually

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| In RE: | |
| Dale S. Davidson, | Chapter 7 |
| Debtor. | Case No: 13-70713-JTL |
| James Andrew Ball, IV, | Ad. Proc. |
| Plaintiff | |
| v. | |
| Dale S. Davidson, | |
| Defendant. | |

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(2)(a) as follows:

The following parties were served by electronic notice:

Ronald B. Warren        bankruptcy@wbwk.com
Thomas D. Lovett        vbragg@kelleylovett.com

The following parties were served by standard first-class mail:

Dale S. Davidson, 109 Tuxedo Drive, Thomasville, Georgia 31792
U.S. Trustee, 440 Martin Luther King Jr., Blvd., Suite 302, Macon, Georgia 31201

This the 19th day of September, 2013

1010 Williams Street
Valdosta GA  31601                    Karl E. Osmus
229-257-0080                          Attorney for Movant
State Bar No.: 555129                 David M. Wolfson, P.C.